LIZZIE WEIR v. THE STATE.

No. 1476.    Decided December 20, 1911.

**Keeping Disorderly House—Repeal of Law.**

The Act of 1907, p. 247, defining disorderly and bawdy houses and prescribing a penalty therefor, was not repealed by the Act of 1909, p. 111. Following Parschall v. State, 62 Texas Crim. Rep., 177.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and thirty days confinement in the county jail.

*Wiley & Baskett,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was charged with unlawfully and directly keeping and being concerned in keeping a certain house situated in Dallas County, where prostitutes were permitted to resort and reside for the purpose of plying their vocation and as a house kept for the purpose of prostitution. She was found guilty and her punishment fixed at a fine of $200 and twenty days in jail.

The statement of facts and bills of exception were filed nearly ninety days after the adjournment of the court. The State objects to the consideration, therefore, of any of these. The appellant, in his brief,

concedes in effect that this is correct under the decision of this court, and that the only question he can raise, and does raise by his brief, is that he claims that this act of the Legislature of 1907, p. 246, defining disorderly and bawdy houses and prescribing a penalty for the violation thereof, under which this conviction was had, was repealed by the vagrancy Act of 1909, p. 111.

This was held adversely to the appellant's contention in the case of Parshall v. State, 62 Texas Crim. Rep., 177, 138 S. W. Rep., 759. We deem it unnecessary to again take up and discuss the question as that was done in said Parshall case.

There being no error pointed out, the judgment will be affirmed.

*Affirmed.*

Davidson, Presiding Judge, dissents.